IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Daniel Mark Mixson, | ) C/A No: 2:10-3040-MBS-PJG |
|             Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Marco T. Torres, | ) |
|             Defendant. | ) |

The plaintiff, Daniel Mark Mixson, ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is a pretrial detainee at the Charleston County Detention Center in Charleston County, South Carolina, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff seeks to have the charges which are pending against him dismissed. He names his retained defense attorney as the sole defendant in this matter. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

### INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements

---

[1] Screening pursuant to § 1915A is subject to this standard as well.

PJG

under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### DISCUSSION

Plaintiff can not proceed against his court appointed attorney because the attorney has not acted under color of state law.  In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that:  (1) the defendant(s) deprived him or her of a federal right, and (2) did so under color of state law.  Gomez v. Toledo, 446 U.S. 635, 640 (1980). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983.  See Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney); Hall v. Quillen, 631 F.2d 1154, 1155-56 & nn.2-3 (4th Cir. 1980) (court-appointed attorney); Polk Cnty. v. Dodson, 454 U.S. 312, 317-24 & nn.8-16 (1981) (public defender); see also Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982) (As a matter of substantive constitutional law the state-action requirement reflects judicial recognition of the fact that "most rights secured by the Constitution are protected only against infringement by governments . . . .") citing Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 156 (1978).

Additionally, Plaintiff appears to be filing this matter pursuant to 42 U.S.C. § 1983. Plaintiff, however, seeks to have the pending charges against him dismissed.  This type

of relief may only be obtained in a habeas action.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (complaint or petition challenging the fact or duration of confinement should be construed and processed as a habeas corpus petition, while a complaint or petition challenging the conditions of confinement should be construed and processed as a complaint pursuant to 42 U.S.C. § 1983).

Furthermore, absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings.  See, e.g., Younger v. Harris, 401 U.S. 37 (1971); Harkrader v. Wadley, 172 U.S. 148 (1898); Taylor v. Taintor, 83 U.S. 366, 1872 WL 15393 (1873); Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49 (4th Cir. 1989).  In Cinema Blue of Charlotte, Inc. v. Gilchrist, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding.  Gilchrist, 887 F.2d at 52; see also Bonner v. Circuit Court of St. Louis, 526 F.2d 1331 (8th Cir. 1975) (*en banc*).  In Bonner v. Circuit Court of St. Louis, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts:  "Congress and the federal judiciary have consistently recognized that federal courts should permit state courts to try state cases, and that where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."  Bonner, 526 F.2d at 1336.

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance and service of process.  See Denton 504 U.S. 25; Neitzke, 490 U.S. 319; Haines, 404 U.S. 519; Todd, 712 F.2d at 74; 28

U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A (the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal).

                                                                                   _____
                                                                                   Paige J. Gossett
                                                                                   UNITED STATES MAGISTRATE JUDGE

February 7, 2011
Columbia, South Carolina

*The plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  <u>Diamond v. Colonial Life & Acc. Ins. Co.,</u> 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u>  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).